UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN H. LUCORE, SR., JUDY L. LUCORE,<br><br>Appellants,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC, AS SERVCER FOR WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE LMT 2006-9 TRUST,<br><br>Appellee. | Case No.: 17-CV-308 JLS (MDD)<br>Bankruptcy Case No.: 13-08534-MM13<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S DECISION** |

Presently before the Court is Appellants Steven H. Lucore, Jr. and Judy L. Lucore's appeal from the Bankruptcy Court's order granting Appellee Specialized Loan Servcing LLC's motion for relief from an automatic bankruptcy stay. (ECF No. 1.) Appellants filed an opening brief, ("Appellant Br.," ECF No. 8-1), Appellee filed an answering brief, ("Appellee Br.," ECF No. 10), and Appellants then filed a reply brief, ("Reply," ECF No. 11-1). Having considered the parties' arguments and the law, the Court rules as follows.

**BACKGROUND**

On August 31, 2006, Paul M. Lucore executed and delivered a Note to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the original creditor/lender

Sierra Pacific Mortgage Company, Inc. (Record on Appeal, ("ROA"), ECF No. 4, at 12.)[1] Also on August 31, 2006, Paul Lucore executed a Deed of Trust naming Sierra Pacific as the Lender and Greenhead Investments, Inc. as the Trustee. (*Id.* at 16.) The Deed of Trust was recorded on September 11, 2006 in the San Diego County Recorder's Office. (*Id.*) The Deed created a security interest in the real property located at 10657 Filex Drive, Santee, California 92071. (*Id.* at 10.) On November 3, 2010, MERS assigned the Deed of Trust to Wells Fargo Bank, N.A. as Trustee for the Certificate Holders of LMT 2006-9. (*Id.* at 16.)

On April 3, 2009, Paul Lucore purportedly sent a notice of rescission to Sierra Pacific. (*See id.* at 57–61.) The notice stated that Sierra Pacific failed to provide all material disclosures required by the federal Truth in Lending Act, 15 U.S.C. § 1635(a) ("TILA") and its implementing regulations. (*Id.* at 57.) On January 20, 2011, Paul Lucore quitclaimed a fifty percent (50%) interest in the property at issue to Steven H. Lucore, Sr. and Judy L. Lucore. (*Id.* at 31.) On August 26, 2013, Steven Lucore and Judy Lucore, Appellants here, filed a voluntary petition under Chapter 13 of Title 11 of the United States Code. By filing a bankruptcy petition, Appellants received the benefit of an automatic stay from any act to enforce a lien against the property. *See* 11 U.S.C. § 362(a).

On January 5, 2017, Appellee moved for relief from the automatic stay. (ROA 9–11.) Appellants opposed the motion on the grounds that Appellee lacked standing to move for relief from the stay because it was not a party in interest. They argued Paul Lucore's TILA notice rescinded the Note and, therefore, Appellee did not have an enforceable security interest. (*See id.* at 44–51.) The bankruptcy court heard arguments on January 31, 2017. The court held that Appellee had standing to move for relief because Appellee demonstrated that it had possession of the Note, endorsed in blank. (*Id.* at 90.) During the hearing, the court stated that the TILA issues would have to be pursued elsewhere and the

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

motion for stay relief was not the proper forum to address the elaborate issues involved in a TILA right of rescission. (*Id.* at 84–85.) On February 17, 2017, the bankruptcy court entered an order terminating the automatic stay. (*Id.* at 69–71.) Appellants filed a notice of appeal two days later. (ECF No. 1.)

## LEGAL STANDARD

A bankruptcy court has jurisdiction to grant relief from an automatic bankruptcy stay under 11 U.S.C. § 362(d). This Court has jurisdiction, under 28 U.S.C. § 158, to hear appeals from final judgments, orders, and decrees. A district court reviews a bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *In re Mortgages Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014). A district court reviews denial of relief from a stay for abuse of discretion. *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). "Decisions committed to the bankruptcy court's discretion will be reversed only if 'based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision.'" *Id.* (quoting *In re Windmill Farms, Inc.*, 841 F.3d 1467, 1472 (9th Cir. 1988)).

## ANALYSIS

Appellants contend that the bankruptcy court abused its discretion by granting the motion to lift the automatic stay. Specifically, they argue that the notice of rescission, sent on April 3, 2009, effectively terminated any security interest in the property. (Appellant Br. 7.) Appellants argue that, without a security interest, Appellee was not a party in interest and could not move to lift the automatic stay. (*Id.* at 7–8.)

The Court begins by reviewing the nature of the hearing for a motion to lift the automatic stay. Then, the Court considers the TILA statutory framework and case law. Next, the Court will determine if the bankruptcy court abused its discretion on the TILA issue. Finally, the Court will discuss other issues raised by Appellants in their statement of issues.

/ / /

/ / /

## I. Relief from Automatic Stay

A bankruptcy court may grant relief from an automatic stay "[o]n request of a party in interest." *In re Veal*, 450 B.R. 897, 913 (9th Cir. BAP 2011) (alteration in original) (quoting 11 U.S.C. § 362(d)). "The Bankruptcy Code does not define the term 'party in interest.' Status as a 'party in interest' . . . 'must be determined on a case-by-case basis, with reference to the interest asserted and how [that] interest is affected by the automatic stay." *Id.* (alteration in original) (quoting *In re Kronemyer*, 405 B.R. 915, 919 (9th Cir. BAP 2009)). Standing to seek relief from the automatic stay expands and contracts to match the interests a creditor seeks to assert. Such standing extends to mortgage servicers. Yet, it matters not whether a mortgage servicer has been "delegated all its principal's rights" or whether "it could simply be asserting its separate right to be paid out of mortgage payments." *Id.* at 914 (citations omitted). "In either event, the servicer has standing to request some relief from the automatic stay." *Id.* "[A] party seeking stay relief need only establish that it has a colorable claim to enforce a right against property of the estate." *In re Edwards*, 454 B.R. 100, 105 (9th Cir. BAP 2011) (quoting *Veal*, 450 B.R. at 907).

"The proceedings to decide motions for relief from the automatic stay are very limited." *In re Cruz*, 516 B.R. 594, 602 (9th Cir. BAP 2014). "Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization." *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985). Under the Bankruptcy Rules, the relief from stay is not an adversary proceeding, but rather a "contested matter." Fed. R. Bankr. P. 9014. Thus, a motion for relief does not determine the merits underlying substantive claims, defenses, or counterclaims. *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994). "When a debtor's affirmative defenses and counterclaims, however, directly involve the question of the debtor's equity, they should be heard in the stay proceeding." *In re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982) (citing *United Cos. Fin. Corp. v. Brantley*, 6 B.R. 178, 187 (Bankr. N.D. Fla. 1980)).

/ / /

## II. TILA

The TILA affords a borrower an unconditional right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by TILA], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a). After the initial three-day period, the borrower has a conditional right to rescind "only if the lender failed to satisfy the Act's disclosure requirements." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). The conditional right to rescind is "completely extinguishe[d]" at the end of a three-year statute of repose period. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). However, the Supreme Court has made clear that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years." *Jesinoski*, 135 S. Ct. at 792.

Once a borrower rescinds the loan, the lender "must return to the [borrower] any money or property given as earnest money, downpayment, or otherwise . . . and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b). Once the creditor has returned the earnest money, then the borrower must tender the property to the lender or if the return of the property is impracticable or inequitable then the "borrower shall tender its reasonable value." *Id.*

## III. Whether the Bankruptcy Court Properly Considered TILA Rescission Issue

The bankruptcy court concluded that Appellee had standing as a party in interest to move for relief from the bankruptcy stay. (ROA 70, 84.) Specifically, the bankruptcy court determined that Appellee had possession of the Note and it was endorsed in blank. (*Id.* at 84.) Appellants argue that Paul Lucore's notice of rescission sent to Sierra Pacific rescinded the Note and, by operation of law, terminated the security interest on the property. In turn, the lack of a security interest undermines Appellee's standing as a party in interest to bring a motion for relief from the stay. (Appellant Br. 7.) Appellants go on to argue that the bankruptcy court erred because it failed to consider the effect of the TILA

rescission on Appellee's standing.

Appellee argues that Appellants' TILA claims fail to question the validity of Wells Fargo's rights as a lender and that the TILA claims would be preserved for any subsequent foreclosure proceedings Appellee may commence. (Appellee Br. 9.) The parties rely greatly on and draw different conclusions from an opinion in the Northern District of California. Because that opinion dealt with similar issues as presented here, the Court discusses it in depth.

*In re Hubbel*, 427 B.R. 789, 790 (N.D. Cal. 2010), concerned "whether a mortgage lender [was] entitled to have an automatic stay lifted even where the mortgagee/debtor transmitted a notice of rescission under the Truth in Lending Act ("TILA")." The appeal arose from two related cases. In both cases, debtors filed voluntary bankruptcy petitions and listed on their petitions real property burdened by a security interest. *Id.* at 791–92. In both cases, the bankruptcy trustees sent the respective lenders a notice that the borrowers rescinded the loans because the lenders failed to comply with TILA. *See id.* The lenders requested relief from the automatic bankruptcy stay in a hearing similar to the Lucores. The respective trustees argued, as the Lucores do here, that the TILA rescission established "serious doubt" as to whether the lenders had a valid security interest on the property. *Id.* at 791. The bankruptcy judges in both cases determined that the TILA issues needed to be properly presented in an adversarial hearing, but concluded that the potential TILA violation raised serious doubts as to the enforceability of the lenders' security interest. *Id.* at 792. The bankruptcy courts found the evidence submitted by the bankruptcy trustees warranted leaving the bankruptcy stay in place.

The lenders appealed. The district court stated that bankruptcy stay litigation is typically handled in summary fashion and that the validity of the claim or contract underlying the claim is not litigated during the stay hearing. *Id.* at 794 (citing *In re Johnson*, 756 F.3d 738, 740 (9th Cir. 1985)). "When a debtor's affirmative defenses and counterclaims, however, directly involved the question of the debtor's equity, they should be heard in the stay proceeding. When they do not, they should be tried separately." *Id.*

(quoting *Bialac*, 694 F.2d at 627). The court determined that whether the loans had been rescinded, under TILA, involved the debtor's equity. It arrived at this conclusion because the TILA rescission issue necessarily involved whether the lenders had standing as parties in interest to seek relief from the automatic stay. *See id.* at 796. The court summarized the critical issue as follows:

> The bankruptcy judge did not determine, as a final matter, whether or not TILA rescission was proper or improper. On the contrary, because relief from stay proceedings are limited as to the matters that can be adjudicated within them, the bankruptcy judge simply determined that TILA's self-executing rescission provision cast serious doubt on Appellant's rights.

*Id.*

Here, Appellants argue that *Hubbel* supports their position because the TILA right of rescission is self-executing and therefore, like *Hubbel*, casts serious doubt on Appellee's rights. (Appellant Br. 9.) Appellants contend that because they presented evidence that the original borrower (Paul Lucore) rescinded the loan, then the bankruptcy court should have determined the notice of rescission cast serious doubt on Appellee's ability to enforce the security interest on the property. (*Id.* at 10–11.) Appellants argue that if the lender disputed the substance of the TILA claim then the lender should file an adversary proceeding to fully adjudicate the issue. (*Id.* at 11.)

Appellee contends that *Hubbel* does not determine the outcome here because the evidence presented by Appellants in this case was not sufficient compared to the evidence presented in *Hubbel*. (Appellee Br. 10.) In *Hubbel*, the trustees in both cases presented not only the rescission notice itself, but also the allegedly defective notice from the lender that allowed the borrower to rescind in the first place and evidence of the mailing date of the notice of rescission. (*Id.* (citing *Hubbel*, 427 B.R. at 791).) Appellee compares that weight of evidence in *Hubbel* to the evidence here. Appellants only provided Paul Lucore's purported notice of rescission, but did not submit the defective documents from Sierra Pacific that allowed Paul Lucore to rescind in 2009 or proof that the notice was sent to Sierra Pacific. (*Id.* at 11.) Appellee contends the Appellants fail to identify the basis for

7

Paul Lucore's right to rescind and the notice of rescission itself is too vague. (*Id.* at 12.) Thus, the record here does not contain the evidence required to cast serious doubt on Appellee's rights. Appellee concludes that the bankruptcy court was within its discretion to lift the stay because, first, Appellants' evidence was insufficient to cast serious doubt on Appelle's rights and, second, the TILA issues require a full adjudication. Appellee states that the merits of Appellants' claim will be preserved for a future foreclosure proceeding. (*Id.* at 9.)

The ultimate issue in this case is whether Paul Lucore's purported rescission claim invalidated the loan on the property and thus removed the security interest that Wells Fargo and Appellee rely on to be parties in interest. This issue needs to be fully adjudicated in an adversarial hearing, whether it be in a bankruptcy forum, *see* Fed. R. Bankr. P. 7001(2), or in state court. It is clear that the stay litigation was not the proper forum to decide the TILA question; the parties agree that some sort of adversarial hearing is the proper forum to adjudicate the TILA issue. The dispositive issues on appeal are whether the existence on an unverified letter is sufficient to cast serious doubt on Appellee's claim and whether the bankruptcy court properly considered the TILA claim.

Appellants urge the Court to find *Hubbel*'s outcome controlling. (Appellant Br. 10–11.) Yet, *Hubbel* did not decide, as Appellants argue, that a notice of rescission alone is sufficient to prevent a mortgage lender from receiving relief from the automatic stay. *Hubbel* only held that the bankruptcy court decisions were not an abuse of discretion. Further, the court emphasized that the bankruptcy judges did not decide whether or not TILA rescission was proper or improper. *Hubbel*, 427 B.R. at 796. Instead, the bankruptcy judges only determined whether there was sufficient prima facie evidence to support the movant's claim. *Id.* The fact that the bankruptcy courts in the Northern District of California arrived at a different outcome than the bankruptcy court here is not dispositive; each bankruptcy court had the discretion to lift the stay based on the evidence presented to it. Like *Hubbel*, Appellants' right to raise the TILA rescission was not adjudicated on the merits and is preserved for future proceedings, whether it be wrongful foreclosure or

otherwise.

The TILA right to rescind framework does not control the outcome here. As Appellants point out, *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. at 792, clarified that section 1635(a) provides a right to rescind and only requires the borrower to notify the creditor of his intention to do so. A borrower does not need to sue to enforce the right within the three year statute of repose. *Id.* "The language leaves no doubt that rescission *is effected* when the borrower notifies the creditor of his intention to rescind." *Id.* (emphasis added). Thus, Paul Lucore's notice of rescission, by itself, is an indication that he rescinded the loan at the time notice was sent. *See Paatalo v. JPMorgan Chase Bank*, 146 F. Supp. 3d 1239, 1243 (D. Or. 2015) ("Thus, if—as plaintiff alleges—[the defendant] failed to provide the required disclosures and plaintiff delivered written notice of rescission in March 2008, the rescission was effected and the security interest in plaintiff's property voided at that time.").

Yet, the right to rescind is predicated on a lender failing to provide the required disclosures in the first instance. 15 U.S.C. § 1635(a). *Jesinoski* did not address whether the borrower in that case had the right to rescind in the first place and did not address whether the lender failed to provide the disclosures required by TILA. *See Pauson v. Bayview Loan Servicing, LLC*, No. C15-5612-RBL, 2016 WL 4528469, at *2 (W.D. Wash. Aug. 30, 2016) (arriving at similar conclusion). Indeed, a borrower has the right to rescind "*only if the lender failed to satisfy the Act's disclosure requirements*." *Jesinoski*, 135 S. Ct. at 792 (emphasis added). Once again, this reinforces the need for an adversarial hearing with evidence presented by both sides as to the merits of the TILA claim. And, once again, the decision whether lift the stay based on the evidence before the bankruptcy court is committed to the discretion of the bankruptcy judge. Here, the lack of proof that the notice of rescission was mailed, combined with the lack of required lender disclosures, supports the bankruptcy court's conclusion. The bankruptcy court did not have sufficient evidence on which to determine that Appellants' TILA rescission cast serious doubt on Appellee's standing.

A bankruptcy court should consider claims and counterclaims when those issues cast serious doubt as to the moving parties' right to relief from a stay. *Bialac*, 694 F.2d at 627. However, the decision whether or not an issue casts serious doubt is committed to the discretion of the bankruptcy court. *See id.* Here, the bankruptcy court considered the TILA issue in arriving at its finding. Appellants presented the same TILA argument to the bankruptcy court in their opposition to the motion for relief from stay. (*See* ROA 44–47.) Their briefing included Paul Lucore's purported notice of rescission, (*id.* at 57–59), as well as citations to *Hubbel*, (*id.* at 55). At the hearing, the bankruptcy court stated that TILA issues raised in Appellants' brief would need to be resolved in an evidentiary hearing. (*Id.* at 84.) Moreover, the court indicated a general awareness of TILA issues previously raised by Appellants in the course of their bankruptcy proceedings. (*Id.* at 86–87 ("I've read this all very carefully in another occasion.").) Thus, the Court finds no error of law and no failure to consider evidence. Therefore, the Court finds no abuse of discretion by preserving the TILA issue for a later hearing and lifting the stay.

## IV. Whether Bankruptcy Court Abused Its Discretion in Finding Appellee Was Real Party in Interest

In their statement of issues, Appellants also raised the following issue: whether the bankruptcy court erred in finding Appellee was the real party in interest when Appellee was a loan serviced with no pecuniary interest in the debt.[2] (*Id.* at 3.) Appellants do not address this issue in their opening brief, but raise it in their answering brief. They argue that "[t]here is no evidence in the record that [Appellee] had possession of the original note." (Reply 5.)

---

[2] Appellants also raised a second issue that is virtually identical to the issue referenced herein:
> Whether the Bankruptcy Court erred in finding that Specialized Loan Servicing LLC was the real party in interest with standing to seek relief from stay because under 11 U.S.C.S. § 362(d), only a "party in interest" may seek relief from the operation of the automatic stay from a bankruptcy court. Here, Specialized Loan Servicing, LLC is a loan servicer with no pecuniary interest in the debt to bring any action on its behalf.

(ROA 3.) The Court considers both issues together.

10

17-CV-308 JLS (MDD)

Appellants' argument here is not well taken. First, they were required to include in their Appellants' brief all issues they sought to present as well as arguments for those issues. *See* Fed. R. Bankr. P. 8014(a); *see also Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that '[t]he general rule is that appellants cannot raise a new issue for the first time in their reply briefs.'" (alteration in original) (internal quotation marks omitted) (quoting *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988))). By failing to include this argument in their opening brief, Appellants deprived Appellee the opportunity to answer this specific argument. Second, the record supports the bankruptcy court's conclusion that Appellee had standing to move for the stay as a party in interest. The court cites a leading case, *In re Veal*,[3] 450 B.R. 897, and determined that Appellee possessed the Note, endorsed in blank. (ROA 84.) Appellants point to no specific defect in the bankruptcy court's reasoning or its conclusion, other than lack of evidence. As discussed, the bankruptcy court had evidence of the Note in making its decision. Therefore, the bankruptcy court's decision to find that Appellee had standing was not an abuse of discretion.

## V. Whether the Court Clerk Erred in Filing Docket 301 and Bankruptcy Court Erred in Relying on Docket 301

Appellants also appealed two related issues: whether the clerk of court erred in filing the document at docket 301 and whether the bankruptcy court erred by using the document filed at docket number 301. (ROA 3.) The documents filed at docket number 301 included Appellants' Opposition to the Motion for Relief for Stay and their Declaration in support of the Opposition. (*Id.* at 2.) Appellants offer no argument in their opening or reply briefs as to what they mean by this appeal. (*See generally* Appellant Br.; Reply.) This Court has no basis to determine this issue on appeal and, thus, finds no error.

/ / /

---

[3] The Court notes that the transcript states the bankruptcy court said *In re Beale*. (ROA 84.) However, the Court cannot finding a case entitled *In re Beale* addressing the issues raised here. The Court assumes this is a scrivener's error and should have read *In re Veal*.

11

## CONCLUSION

In sum, the bankruptcy court considered the TILA issues, but decided that those issues did not cast serious doubt on the stay litigation to warrant keeping the stay in place. There was no erroneous conclusion of law and there was sufficient evidence to support the bankruptcy court's decision. Accordingly, the bankruptcy court's decision to lift the stay was not an abuse of discretion.

The Court **AFFIRMS** the bankruptcy court's decision to lift the bankruptcy stay. This Order ends litigation in this matter. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: March 22, 2018

Hon. Janis L. Sammartino
United States District Judge