# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN H. LUCORE, SR., JUDY L. LUCORE,<br><br>Appellants,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC, AS SERVICER FOR WELLS FARGO BANK, N.A. AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE LMT 2006-9 TRUST,<br><br>Appellee. | Case No.: 17-CV-308 JLS (MDD)<br>Bankruptcy Case No.: 13-08534-MM13<br><br>**ORDER DENYING MOTION FOR REHEARING**<br><br>(ECF No. 16) |

Presently before the Court is Appellants Steven H. Lucore, Jr. and Judy L. Lucore's Amended Motion for Re-Hearing.[1] ("MTN, ECF No. 16). Appellee Specialized Loan Servcing LLC filed a Response in Opposition to, (ECF No. 17), and Appellants filed a

---

[1] Appellants originally filed their Motion for Rehearing on April 4, 2018, (ECF No. 15), which was thirteen days after this Court entered its Order affirming the bankruptcy court's decision. Appellants then filed an amended Motion four days later. The Court considers Appellants' original Motion to have met the timing requirements set forth in the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8022.

Reply in Support of, (ECF No. 20), the Motion.[2] The Court vacated the hearing on the motion and took it under submission pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 18.) Having considered Appellants' arguments and the law, the Court rules as follows.

## BACKGROUND

This Court's prior Order contains a complete and accurate recitation of the relevant portions of the factual and procedural histories underlying Appellants' Motion. (*See* "Prior Order," ECF No. 12, at 1–3.)[3] This Order incorporates by reference the background as set forth therein. As relevant to this Order, the Court affirmed the bankruptcy court's decision on March 22, 2018 and the present Motion for Rehearing followed.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8022 requires a motion for rehearing to "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). "Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision." *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003) (citing *Armster v. U.S. District Court, C.D. Cal.*, 806 F.2d 1347, 1356 (9th Cir. 1986)). "A petition for rehearing is not a means by which to reargue a party's case." *Id.* (citing *Anderson v. Knox*, 300 F.2d 296, 297 (9th Cir. 1962)).

## ANALYSIS

Appellants advance two points of law or fact that they argue this Court overlooked or misapprehended. First, that Appellee had the original note and second, that there was insufficient evidence to cast serious doubt on Appellee's rights. (MTN 7.) The Court

---

[2] Federal Rule of Bankruptcy Procedure 8022 provides that "[u]nless the district court or BAP requests, no response to a motion for rehearing is permitted." Fed. R. Bankr. P. 8022(a)(3). Appellee did not move for leave to file a response, nor did the Court request a response. Therefore, the Court will not consider Appellee's opposition brief or Appellants' reply brief. Moreover, the Court's conclusion would not change were the Court to consider either brief.

[3] Pin citations refer to the CM/ECF page numbers electronically stamped at the top of each page.

discusses each argument in turn.

Appellants argue that Appellee did not prove it held the original note because Appellee only provided a copy of the note. (*Id.*) Appellants advanced this argument for the first time in their answering brief—not their opening brief. The Court noted that Appellants did not include this issue in their original appeal and therefore waived the argument. (Prior Order 12 (citing Fed. R. Bankr. P. 8014(a); and *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)).) Alternatively, the Court also determined that the record contained sufficient support for the bankruptcy court's finding that Appellee possessed the Note. (*Id.*)

Here, Appellants do not address the waiver issue and do not offer an argument different from the one included in their answering brief. (*Compare* MTN 7 ("Appellee did not prove it held the original note because it only provided a copy, and there was no original note properly authenticated and submitted on the red [sic]."), *with* ECF No. 11-1 ("There is no evidence in the record that [Appellee] had possession of the original note.").) Appellants advance exactly the same argument as before and it fails for the same reason as before. The bankruptcy court cited *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011), and determined that Appellee possessed the Note, endorsed in blank. (Prior Order 11.)

The bankruptcy court's inquiry into standing to seek relief is limited in the context of a relief from stay motion and it does not decide a creditor's claim or security on the merits. *In re Veal*, 450 B.R. at 914 (citing *Johnson v. Righetti* (*In re Johnson*), 756 F.2d 738, 740–41 (9th Cir. 1985)). The stay proceedings are limited in nature because

> the ultimate resolution of the parties' rights are often reserved for proceedings under the organic law governing the parties' specific transaction or occurrence. Stay relief involving a mortgage, for example, is often followed by proceedings in state court or actions under nonjudicial foreclosure statutes to finally and definitively establish the lender's and the debtor's rights.

*Id.* (footnote omitted). Thus, a party seeking a bankruptcy stay relief need only establish that it has a colorable claim to enforce a right against the property of the estate. *Id.* at 914–

15 (citing *United States v. Gould* (*In re Gould*), 401 B.R. 415, 425 n.14 (9th Cir. BAP 2009); and *Biggs v. Stovin* (*In re Luz Int'l, Ltd.*), 219 B.R. 837, 842 (9th Cir. BAP 1998); and *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994)).

In California, assignees of a mortgage or deed of trust generally have a right to commence nonjudicial foreclosure proceedings without an explicit requirement they have an interest in the note. *See* Cal. Civ. Code § 2924(a); *In re Veal*, 450 B.R. at 917 n.34; *see also Putkkuri v. Recontrust Co.*, No. 08cv1919, 2009 WL 32567 at *2 (S.D. Cal. Jan.5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."). The bankruptcy court stated that the essential elements from *Veal* were that the note be endorsed in blank and that the movant be in possession of the note. (Record on Appeal, ECF No. 4, at 84.) The bankruptcy court found both to be present in the record. (*Id.*) Therefore, the bankruptcy court did not err in grating Appellee's motion.

Appellants also argue that this Court should have followed *In re Hubbel*, 427 B.R. 789. 790 (N.D. Cal. 2010), by keeping the stay in place. (MTN 7.) This is the same argument advanced in Appellants' opening brief. (*See* ECF No. 8-1, at 10 ("This question has already been decided and answered in a bankruptcy court appeal in *Hubbel*. The *Hubbel* court made clear that a mortgage lender is not entitled to have an automatic stay lifted where the borrower has transmitted a notice of rescission under the Truth in Lending Act.").) *Hubbel* addressed a similar (but not identical) situation as presented to the bankruptcy court, but *Hubbel* only held that the bankruptcy court decision in that case did not abuse its discretion. Nor is *Hubbel* controlling on this Court or the bankruptcy court; the bankruptcy court had the discretion to keep the stay in place or remove the stay based on a colorable claim to enforce a right against the property. *Hubbel*'s reasoning and conclusions are persuasive, but this Court determined there was sufficient factual distinction between this case and *Hubbel*. (Prior Order 9–10.) *Hubbel* does not compel a different outcome than what the bankruptcy court determined.

Appellants' second argument is that there was sufficient evidence to cast doubt on Appellee's rights to bring the motion to lift the bankruptcy stay. (MTN 8.) As before,

Appellants argue that the Truth in Lending Act, 15 U.S.C. § 1635(a), allows a borrower to rescind a security interest on real property and Paul Lucore submitted a declaration that he mailed his rescission to the creditor at the time. (*Id.*) Appellants contend that Appellee did not rebut Mr. Lucore's rescission and the original creditor did not contest the rescission in Superior Court. (*Id.*)

As the *Veal* court noted, "stay proceedings are limited in nature because the ultimate resolution of the parties' rights are often reserved for proceedings under the organic law governing the parties' specific transaction or occurrence." 450 B.R. at 914. A party seeking a bankruptcy stay relief need only establish that it has a colorable claim to enforce a right against the property of the estate. *Id.* at 914–15 (citations omitted). The bankruptcy court determined there was sufficient evidence to find Appellee had a colorable claim. The bankruptcy court also considered Appellants' TILA evidence and argument when making its finding. (Prior Order 10.)

Appellants again raise *Hubbel* to address the sufficiency of evidence issue. They state, the "*Hubbel* court made clear that a mortgage lender is not entitled to have an automatic stay lifted where the borrower has transmitted a notice of rescission under the Truth in Lending Act." (MTN 9.) That statement of the law is not correct; a bankruptcy court has the discretion to lift the "automatic stay under 11 U.S.C. § 362(d)(2) if it finds that the debtor has no equity in the property sought to be foreclosed upon, and that the property is not necessary to an effective reorganization." *In re Bialac*, 694 F.2d 625, 626 (9th Cir. 1982). *Hubbel* only held that, based on the facts before that court, the bankruptcy court's decision to maintain a stay in that case were not an abuse of discretion. Here, the bankruptcy court had different facts before it than *Hubbel* and determined that those facts did not cast serious doubt on Appellee's right to relief from the stay. (*See* Prior Order 10.)

In sum, Appellants raise generally the same arguments that they brought on appeal. However, "[a] petition for rehearing is not a means by which to reargue a party's case." *Hessco*, 295 B.R. at 375. Therefore, the Court finds no error in its prior order.

/ / /

5

17-CV-308 JLS (MDD)

# CONCLUSION

In light of the foregoing, the Court **DENIES** Appellants' Motion for Rehearing, (ECF No. 16).

**IT IS SO ORDERED.**

Dated: May 29, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge